```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
LENSENDRO LAGUERRE,              :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :  Civil No. 3:25-cv-937 (AWT)
                                 :
BANK OF AMERICA, N.A.,           :
                                 :
          Defendant.             :
                                 :
                                 :
-------------------------------- x
```

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE

Pro se plaintiff Lensendro Laguerre brings a one-count complaint against defendant Bank of America, N.A. claiming breach of contract. The plaintiff has also filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons stated below, the court is granting the motion to proceed in forma pauperis and dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   MOTION TO PROCEED IN FORMA PAUPERIS

Section 1915 of Title 28 of the United States Code provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). The court determines whether an applicant is indigent by reviewing the applicant's assets and expenses as stated on a declaration submitted with the motion to proceed in forma pauperis. Here, the plaintiff has demonstrated to the court an inability to pay for the commencement of this action. Accordingly, the court is granting the plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2).

The same statute that authorizes the court to grant in forma pauperis status to an indigent plaintiff also provides that the court "shall dismiss the case at any time if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Therefore, the court reviews the complaint in this case to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

## II.     FACTUAL ALLEGATIONS IN THE COMPLAINT

The court must accept as true the factual allegations in the complaint for purposes of testing its sufficiency. See Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997). It contains the following allegations.

The plaintiff resides in Norwalk, Connecticut. "On or about May 24, 2025, Plaintiff entered a consumer credit transaction . . . involving a sale with Defendant Bank of America for the intended acquisition of a 2025 BMW XM, for a total cash equivalent value of $220,000." Compl. (ECF No. 1) ¶ 5. "Plaintiff submitted a credit application/security to Bank of America". Id. ¶ 6. "Bank of America failed to issue the funds necessary to acquire the BMW." Id. ¶ 7. "As a result of Defendant's failure to . . . issue the funds, Plaintiff was deprived of the proceeds of the transaction." Id. ¶ 8.

Exhibit 1 attached to the complaint appears to be a letter, dated May 30, 2025, from Bank of America sent to the plaintiff at his address in Norwalk, Connecticut. See Compl. at 3-4. The letter states:

> Thank you for your recent application for credit received through Bank of America, N.A. on May 30, 2025. After careful consideration, we were unable to approve your request for the following reason(s): . . . .
>
> - Insufficient income
> - Lien, judgment, charge-off, or settled account. Applicant
> - Number of major derogatory accounts and/or public records. Applicant
> - Number of major derogatory accounts and recent major derogatory ratio - Applicant
>
> Our decision was based in whole or in part on information we obtained from the consumer reporting agency listed below. . . .
>
> Your credit score was 470 as of May 30, 2025. . . . The key factors that adversely affected your credit score are:

-3-

- Serious delinquency
- Proposition of balances to credit limits on bank/natl rev accts too high
- Time since delinquency is too recent or unknown
- Number of accounts with delinquency
- Too many inquiries last 12 months

Id.

### III. LEGAL STANDARD

In determining whether an action "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), courts use the standard established for Federal Rule of Civil Procedure 12(b)(6). See, e.g., Sykes v. Bank of Am., 723 F.3d 399, 401, 403 (2d Cir. 2013) (using the Rule 12(b)(6) standard to review a sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). "Although courts must read pro se complaints with 'special solicitude' and interpret them to raise the 'strongest arguments that they suggest,'" pro se litigants must nonetheless "plead 'enough facts to state a claim to relief that is plausible on its face.'" Anthony v. Med. Staff at Inst., 409 F. Supp. 3d 102, 104 (E.D.N.Y. 2016) (quoting Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But a complaint will be dismissed when "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief.'" Twombly, 550 U.S. at 558. In determining whether a complaint should be dismissed for failure to state a claim, "a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted).

In determining whether a claim "is frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), courts consider whether the claim "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The "function" of this provision, which is separate and distinct from that of 28 U.S.C. § 1915(e)(2)(B)(ii), is to "accord[] judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. "Holding a pro se plaintiff to less stringent standards than a plaintiff represented by counsel, and considering all of the allegations as truthful, the complaint must be frivolous on its

face or wholly insubstantial to warrant sua sponte dismissal." Moorish Sci. Temple of Am., Inc. v. Smith, 693 F.2d 987, 989-90 (2d Cir. 1982) (citations and italics omitted).

## IV. MERITS OF THE COMPLAINT

The plaintiff asserts that the defendant, in rejecting his application for credit, breached a "contract [with the plaintiff] pursuant to the Securities Act of 1933, specifically under 15 U.S.C. § 77b(a)(3) 48 Stat. 74, as amended, concerning the disposition and purchase of a security for value." Compl. ¶ 1. The plaintiff also asserts that his "credit application/security to Bank of America" constituted a "sale within the meaning of 15 U.S.C. § 77b(a)(3)", that Bank of America "accepted and purchased [it] for its full value", and that "[d]espite having received the benefit of the transaction, Bank of America failed to issue the funds necessary to acquire the BMW." Id. ¶¶ 6-7. The plaintiff "seeks performance and or restitution in the amount $220,000, and whatever else this court deems just and equitable." Id. ¶ 9.

Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 311 Conn. 282, 291 (2014). "[I]n order to form a contract, generally there must be a bargain in which there is a

manifestation of mutual assent to the exchange between two or more parties." Ubysz v. DiPietro, 185 Conn. 47, 51 (1981). "Under established principles of contract law, [that] agreement must be definite and certain as to its terms and requirements." Perricone v. Perricone, 292 Conn. 187, 223 (2009) (citations omitted).

Here, the complaint cannot support a conclusion that any agreement between the plaintiff and the defendant was ever formed. To the contrary, the complaint shows that there was never any agreement between them, because the plaintiff applied for credit from the defendant and the defendant denied the plaintiff's application. See, e.g., Maloney v. Conn. Orthopedics, P.C., 47 F.Supp.2d 244, 249 (1999) (the plaintiff "cannot assert a breach of contract claim" where "no agreement existed between the parties"). Instead of alleging facts that make it at least arguable that he entered into a contract with the defendant, the plaintiff makes the implausible claim that he had a contract for the extension of credit based solely on his unilateral submission of a credit application to the defendant. See Restatement (Second) of Contracts § 17 cmt. c (contracts require a "meeting of the minds"). In addition, the plaintiff's assertion characterizing his application for credit as the sale of a security has no arguable basis in law. Consequently, the complaint must be dismissed as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B)(i).

Notwithstanding the plaintiff's pro se status, the court declines to grant the plaintiff leave to amend the complaint. "[A]lthough pro se plaintiffs are generally granted this solicitude prior to dismissing a complaint, the court need not grant leave to amend 'where the substance of the claim pleaded is frivolous on its face.'" Shipman v. Charles Schwab & Co., No. 14-CV-4568 (EN / VLB), 2016 WL 11472831, at *7 (E.D.N.Y. Aug. 11, 2016) (citations omitted). See also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where . . . the substance of the claim pleaded is frivolous on its face." (citing Moorish Sci. Temple of Am., Inc., 693 F.2d at 990)).

Here, the complaint is frivolous, and based on the factual allegations in the complaint and the document incorporated by reference, the court cannot discern any plausible cause of action arising out of the defendant's alleged denial of the plaintiff's application for credit. See also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint 'liberal[ly] read' suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe. . . . The problem . . . is substantive; better pleading will not cure it.

Repleading would thus be futile." (citations omitted)).

**V.   CONCLUSION**

For the reasons set forth above, the plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is hereby GRANTED, and the Complaint (ECF No. 1) is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk shall close this case.

It is so ordered.

Dated this 15th of July 2025, at Hartford, Connecticut.

/s/ AWT<br>
Alvin W. Thompson<br>
United States District Judge